United States District Court
Middle District of Florida
Jacksonville Division

LINDA HASENBALG GUSKE,

>    *Plaintiff,*

v.                                              NO. 3:23-CV-918-MMH-PDB

WEKIVA SPRINGS CENTER,

>    *Defendant.*

---

# Report and Recommendation

Although unclear, this action appears to be about alleged injections to, and blood drawn from, the plaintiff after she was taken to a receiving facility for an involuntary examination under Florida's Baker Act, Fla. Stat. § 394.463. Proceeding without a lawyer, she has filed a complaint, an amended complaint, a second amended complaint, a motion to proceed in forma pauperis, and nine "notices." Docs. 1, 2, 4–13.

For the original complaint, the plaintiff completed a pro se form complaint (AO Form Pro Se 1 [Rev. 12/16] Complaint for a Civil Case). Doc. 1. In that pleading, she sues thirty-four defendants. Doc. 1 at 1–8. In the "Statement of Claim" section, she writes, "Some attached." Doc. 1 at 10. She attaches a state-court notice of a hearing on a Baker Act petition, a handwritten document repeating some of the information in the notice, a document titled "Citizen Complaint" in which she states she handed someone the contents of a brown bag, Mayo Clinic lab notes about blood-disorder

screening, a document in which she requests release of her medical records to her husband and the FBI, and a document identifying phone numbers for the FBI and a legal-aid lawyer. Doc. 1-1 at 1–9. In the "Relief" section, she writes, "FORWARD: Pursuants to protect innocence FROM abuse: 1. mental[,] 2. emotional[,] 3. physical[,] 4. physiological[,]" "Good," "SPIRIT WON!!!," "Love 2021 CHRISTMAS," and "Daily Devotionals Tutorials." Doc. 1 at 10.

The undersigned explained that a complaint must include a statement of the grounds for the court's jurisdiction and a statement of the claim showing the pleader is entitled to relief and directed the plaintiff to file an amended complaint. Doc. 3.

For the amended complaint, the plaintiff completed another pro se form complaint. Doc. 12. In that pleading, she sues four defendants, all apparently medical doctors or psychiatrists. Doc. 12 at 2. In the "Statement of Claim" section, she writes:

> Banking statements and healthcare needs for both my husband James R. Guske and myself along with our biological A pos blood son, Mr. [redacted] @ TD Bank #9065, TD Bank #4953 and my Chase personal account (business + healthcare) #6987 time stamped submission today – August 23, 2023 @ 12:39 PM here. Illegal Rx and drugs in addition to false doctor written claims with an early dismissal and no oral and/or vaccine injectable required; DO NOT CONTINUE on 07/26/23 twenty-sixth day left the premises.

Doc. 12 at 4. In the "Relief" section, she writes:

> Suing for pained Rx injectables and blood work when 3 vials were drawn from my right arm; two vials being darker red-purple and one vial lighter red jellied in which I alertly asked the attending nurse. I did not take a urine sample.

> I went to seek an attorney soon after 7/26/23 departure from Wekiva
> Springs Center. I contacted Stephanie Jaffe and met with her as a public
> defender to no avail. Then, thru here, Krista Burby, met with Stephan
> Patel (use 1983 Act) w/ a referral to Neil Henrickson who was out of
> town and the lady clerk did not take information other than go to
> website. I had contacted vaccine litigation attorneys, Florida Bar, and
> the Lasky Law Firm on October 06, 2022!! NEED HELP PLEASE[.]

Doc. 12 at 4–5.

For the second amended complaint—filed without authorization—the plaintiff completed another pro se form complaint. Doc. 13. In that pleading, the plaintiff sues only "Wekiva Springs Center." Doc. 13. In the "Statement of Claim" section, she writes:

> 1) No clause prior to and admittance w/ out healthcare psychiatry and-
>    or doctor (Mohameed Tougheen) w/ illegal Rx vaccined photographs
>    submission AMEND.
>
> 2) 07-18-2023 10 day stay ordered by JUDGE SHERESA JACKSON w/
>    my no clause stay dismissal and "DO NOT CONTINUE" stated Rx's
>    False claimed as two time stamped with AMEND dates w/ time
>    refusal calmly after initial upset no clause victim—myself – Mrs.
>    Linda Sue Amanda Hasenbalg Guske!!

Doc. 13 at 4. She requests no relief. Doc. 13 at 4. She attaches a holiday card and family photographs, a list of expenses, a thank-you card, a marriage certificate and license, a photograph of a book, and wedding cards, Doc. 13-1; and a receipt, more family photographs, and more cards, Doc. 13-2.

The notices include:

- a discharge medication summary, Doc. 4;

- a request for a marriage document, a voided check, receipts, a
  bank statement, an invoice for insurance-benefits coverage, and

photographs of a woman with a man and Band-Aids, Docs. 5, 5-1, 5-2;

- a letter informing the plaintiff her son was due for a doctor's appointment and a bank-account summary, Docs. 6, 6-1;

- documents from Verizon, treatment notes for the plaintiff's husband, an email from a paralegal confirming the plaintiff's appointment with a legal-aid lawyer, and an agreement to receive limited legal help, Doc. 7;

- more treatment notes and exercise instructions for the plaintiff's husband, Doc. 8;

- a document titled "Writ of Habeas Corpus # 177759071" with no other writing or attachments, Doc. 9;

- a letter to Chief Justice John Roberts—in which the plaintiff states she is concerned about her son's vaccines, describes being handcuffed after going to the FBI, and appears to complain about being committed to a medical center and the activities there—and a benefits statement, an immunization-exemption form, an email about a credit-card statement, another discharge medication summary, a description of a medication, the top of the docket sheet in this case, family photographs, envelopes, holiday cards, and postal receipts, Doc. 10;

- bank statements, a copy of the email confirming the plaintiff's appointment with a legal-aid lawyer, a notice informing the plaintiff of the order directing an amended complaint, a copy of the order, more treatment records for the plaintiff's husband, and receipts, Docs. 11, 11-1; and

- a seventy-page exhibit with family photos and memorabilia, an article about harmful ingredients in vaccines, clippings about "byonetics," and a rental agreement, Docs. 14, 14-1.

The undersigned also directed the plaintiff to file an amended application to proceed in forma pauperis. Doc. 3 at 2.

4

A pleading must contain "a short and plain statement of the grounds for the court's jurisdiction[.]" Fed. R. Civ. P. 8(a)(1). If a court determines jurisdiction is lacking, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3). The dismissal must be without prejudice. *Stalley ex. Rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). Likewise, if a plaintiff is incompetent and unrepresented, a court may not dismiss her claims on the merits.[1] *Berrios v. N.Y. City Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009). A court should freely allow a plaintiff to amend the complaint if justice so requires. Fed. R. Civ. P. 15(a)(2).

A federal court may have jurisdiction under a specific statutory grant, federal-question jurisdiction under 28 U.S.C. § 1331, or diversity jurisdiction under 28 U.S.C. § 1332(a). *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997). Federal-question jurisdiction applies only if a claim arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction applies only if an action is between citizens of different states and involves more than $75,000. 28 U.S.C. § 1332(a).

---

[1]Federal Rule of Civil Procedure 17(c)(2) requires a court to appoint a guardian ad litem or issue "another appropriate order" to protect an incompetent person who is unrepresented. Some courts have held a district court may abuse its discretion if the court fails to consider the rule when presented with evidence from a court, mental health professional, or public agency indicating incompetency. *Powell v. Symons*, 680 F.3d 301, 307 (3d Cir. 2012); *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003). Here, the Court need not sua sponte inquire into the plaintiff's competency based on a possible Baker Act commitment. The record contains no verifiable evidence of legal incompetence. *See McLean v. GMAC Mortg. Corp.*, 398 F. App'x 467, 470 (11th Cir. 2010) (holding the district court did not err by failing to sua sponte appoint a guardian ad litem where the party requested continuances to allow recovery from psychological stress; "psychological and mental stress is not the equivalent of incompetence to proceed in court"). Moreover, the recommended dismissal is without prejudice.

A court must construe a pleading drafted by a pro se litigant liberally and hold the pleading to a less stringent standard than one drafted by a lawyer. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Liberal construction means a federal court sometimes must "look beyond the labels used in a pro se party's complaint and focus on the content and substance of the allegations" to determine whether a cognizable remedy is available. *Torres v. Mia.-Dade Cnty.*, 734 F. App'x 688, 691 (11th Cir. 2018). Liberal construction does not mean rewriting a deficient pleading or otherwise serving as de facto counsel. *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

The plaintiff fails to include in her pleading a short and plain statement of the grounds for this Court's jurisdiction, and no such ground is apparent. Dismissal without prejudice therefore is warranted.[2] Justice does not require allowing amendment because the dismissal is without prejudice; the plaintiff has amended the pleading twice; and even construing the pleadings liberally, no source of federal jurisdiction is apparent from the information provided.

The undersigned **recommends** dismissing the case without prejudice and directing the clerk to terminate any pending motion—including any amended motion to proceed in forma pauperis—and close the file.

### Deadlines for Objections

"Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific

---

[2]Other reasons for dismissal—such as failure to state a claim on which relief can be granted—may also exist. In the interest of judicial economy, the undersigned does not address other possible reasons for dismissal.

written objections[.]" Fed. R. Civ. P. 72(b)(2). Failing to serve and file specific objections alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**Entered** in Jacksonville, Florida, on September 7, 2023.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:      Linda Hasenbalg Guske
        5967 Wind Cave Lane
        Jacksonville, FL 32258